UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANDREW ALAN ARMFIELD,<br><br>       Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE,<br><br>       Defendant. | Case No. 1:22-cv-00404-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Andrew Alan Armfield was conditionally filed by the Clerk of Court due to his status as a prisoner. Dkt 1. The Clerk of Court provided Plaintiff with information on how to take financial responsibility for this case, but Plaintiff has not submitted a completed in in forma pauperis application, nor has he paid the filing fee. One or the other is required if Plaintiff desires to proceed.

A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff cannot proceed.

### REVIEW OF COMPLAINT

#### 1.  Factual Allegations

Plaintiff alleges, in his own words, that the Internal Revenue Service "takend all my money." Dkt. 1, p. 2 (verbatim). There are no facts supporting any cause of action against the Internal Revenue Service.

INITIAL REVIEW ORDER - 1

### 2. Standard of Law for Screening Complaints

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal/Twombly* standard. The critical inquiry is whether a federal claim, however inartfully pleaded, has an arguable legal and factual basis. ). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *See Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

### 3.  Discussion

Here, Plaintiff has stated no claim upon which he can proceed with his vague allegations. Plaintiff may file an amended complaint. In simplified terms, for each defendant. Plaintiff must include in his amended complaint, the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed.

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013. If Plaintiff fails to file anything further, this case will be dismissed without prejudice without further notice.

INITIAL REVIEW ORDER - 3

## ORDER

**IT IS ORDERED:**

1. Plaintiff must submit an amended complaint within 21 days after entry of this Order.

2. Plaintiff must submit an in forma pauperis application with prison trust account statement or pay the filing fee of $350 at the time he files an amended complaint.

3. Failure to take all of the actions required by this Order will result in dismissal of this case without prejudice without further notice.

DATED: November 3, 2023

B. Lynn Winmill
U.S. District Court Judge